UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALEXANDER R. ACOSTA,        )
    Plaintiff,               )
                            )
         v.                   )   Civ. No. 1:17-cv-497
                            )
DAVIS-PAIGE MANAGEMENT       )
SYSTEMS, LLC, et al.,        )
    Defendants.              )

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. 34), seeking default judgment against Defendant Davis-Paige Management Systems, LLC ("the Davis-Paige LLC"). When no attorney for the Davis-Paige LLC responded to Plaintiff's Motion or appeared at the hearing on January 12, 2018, the undersigned U.S. Magistrate Judge took the matter under advisement.[1] For the reasons stated below, the undersigned now recommends that Plaintiff's Motion for Default Judgment be GRANTED IN PART. The undersigned further recommends, should the recommendation for default judgment be adopted, that the remaining defendants in this case be DISMISSED, thereby

---

1. Relevant filings before the Court include the First Amended Complaint (Dkt. 19) ("Am. Compl."), the Motion for Default Judgment (Dkt. 34) ("Mot. Default J."), the Proposed Default Judgment Order (Dkts. 34-1 & 36) ("Prop. Order"), the Memorandum of Law in Support of Plaintiff's Motion to Enter Default Judgment (Dkt. 35) ("Mem. Supp. Default J."), the Declaration of Brian Morton in Support of Plaintiff's Motion for Default Judgment (Dkt. 35-1) ("Morton Decl."), the Clarification Regarding Pending Motion for Default Judgment (Dkt. 46) ("Clar. Mot. Default J."), and all attachments and exhibits submitted with those filings.

concluding the case in its entirety.

## I. INTRODUCTION

### A. Background

On April 27, 2017, Edward C. Hugler, the Acting Secretary of Labor for the U.S. Department of Labor, filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants Micheal E. Davis ("Mr. Davis"), the Davis-Paige LLC, and the Davis-Paige Management Systems 401(k) Plan (the "Davis-Page 401(k) Plan"). On August 24, 2017, R. Alexander Acosta ("Plaintiff"), the Secretary of Labor for the U.S. Department of Labor,[2] filed an amended complaint that added Davis-Paige Management Systems Employee Benefit Plan (the "Davis-Paige Health Plan") as a defendant in this lawsuit. Mr. Davis participated in this lawsuit pro se, but at no time were the Davis-Paige LLC, the Davis-Paige 401(k) Plan, or the Davis-Paige Health Plan represented by counsel.

Plaintiff brought suit against Defendants alleging violations of Sections 403, 404, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, and 1106. (Am. Compl. ¶¶ 23-24.) Specifically, Plaintiff alleges that Mr. Davis and the Davis-Paige LLC failed to consistently remit timely employee contributions, participant

---

2. Secretary Acosta succeeded Acting Secretary Hugler as a party in this case pursuant to Federal Rule of Civil Procedure 25(d), which states: "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."

loan repayments, employer prevailing wages, and employer matching contributions to the Davis-Paige 401(k) Plan and the Davis-Paige Health Plan. (Id. ¶¶ 11-17, 20-21, 23-24.) On December 18, 2017, the Court entered a Consent Judgment (Dkt. 42) against Mr. Davis. Plaintiff now seeks default judgment against the Davis-Paige LLC and requests various types of relief. (Mem. Supp. Default. J. at 2-3.) Plaintiff does not seek any judgment against the Davis-Paige 401(k) Plan or the Davis-Paige Health Plan. (Id. at 1 n.1; Clar. Mot. Default J. at 2.)

## B. Jurisdiction and Venue

Jurisdiction and venue over ERISA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132(e), which provides that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. In this case, jurisdiction and venue are proper in this Court because the relevant benefit plans, the Davis-Paige 401(k) Plan and the Davis-Paige Health Plan, are both administered in this District. (Compl. ¶ 3.)

## C. Service of Process

Federal Rule of Civil Procedure 4(h) provides that an association may be served in a judicial district of the United States by delivering a copy of the complaint and a copy of the summons to any agent of Defendant authorized to receive service

3

of process. Also, process in an ERISA action may be served in
any judicial district where a defendant resides or may be found.
29 U.S.C. § 1132(e)(2). Further, Federal Rule of Civil Procedure
5(a)(1)(B) requires that a defendant be served with any pleading
filed after the original complaint, such as an amended
complaint.

Service of process has been proper in this action with
regards to the Davis-Paige LLC. On July 13, 2017, in accordance
with Federal Rule of Civil Procedure 4(h), Plaintiff served Mr.
Davis, the registered agent for the Davis-Paige LLC, with a copy
of the summons for this case. (Dkt. 10.) Plaintiff then filed
his First Amended Complaint (Dkt. 19) on August 24, 2017, at a
time that the Davis-Paige LLC was not represented by counsel.
While no filing provided by Plaintiff definitively shows that
the Davis-Paige LLC was served a copy of the First Amended
Complaint, at the default judgment hearing on January 12, 2018,
Mr. Davis stated that he did receive a copy of the First Amended
Complaint and that he accepted it as the registered agent for
the Davis-Paige LLC. Therefore, the undersigned accepts that
service of process was proper to the Davis-Paige LLC under both
Federal Rules of Civil Procedure 4 and 5.

### D. Grounds for Default Judgment

To date, the Davis-Paige LLC has not properly appeared or
otherwise participated in these proceedings. While Mr. Davis

4

initially attempted to represent the Davis-Paige LLC pro se, on August 21, 2017, the Court ordered the Davis-Paige LLC to obtain counsel by September 1, 2017, and that if counsel is not secured, then Plaintiff should immediately seek an entry of default against the Davis-Paige LLC. (Dkt. 15.)[3] The Davis-Paige LLC did not secure counsel by September 1, 2017. On September 14, 2017, the Court formally ordered Plaintiff to seek an entry of default against the Davis-Paige LLC. (Dkt. 24.)

On September 22, 2017, Plaintiff filed its Request for Entry of Default (Dkt. 29), seeking an entry of default for the Davis-Paige LLC. On September 25, 2017, the Clerk of the Court issued the Entry of Default (Dkt. 30) for the Davis-Paige LLC. On December 13, 2017, Plaintiff filed its Motion for Default Judgment. The undersigned then held a hearing on Plaintiff's Motion on January 12, 2018, at which no counsel for Defendant appeared, although Mr. Davis himself did appear. Finding the matter uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this

---

3. It is important to note that business entities cannot appear in federal court without counsel. See 28 U.S.C. § 1654; Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[C]ourts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").

case, the undersigned finds that Plaintiff has established the following facts.

The Davis-Paige LLC is a company that has been the sponsor and administrator of the Davis-Paige 401(k) Plan and the Davis-Paige Health Plan (the "Davis-Paige Plans"). (Am. Compl. ¶ 6.) Mr. Davis has served as president of the Davis-Paige LLC. (Id. ¶ 7.) The Davis-Paige LLC established the Davis-Paige Plans in 2002. (Id. ¶¶ 9-10.) The Davis-Paige LLC and Mr. Davis exercised discretionary authority and control with regards to the management of the Davis-Paige Plans. (Id. ¶¶ 7, 9-10.) The Davis-Paige LLC was responsible for collecting, forwarding, and remitting employee contributions that were withheld from the paychecks of employees who participated in either or both of the Davis-Paige Plans. (Id. ¶ 6.) Mr. Davis was responsible for deciding how the Davis-Paige LLC would commit its funds, including the funds relevant to the Davis-Paige Plans. (Id. ¶ 7.)

The Davis-Paige 401(k) Plan was funded by employee contributions and mandatory employer prevailing wage contributions. (Id. ¶ 9.) The employee contributions involved participants contributing a portion of their pay to the Plan through payroll deductions. (Id.) The Davis-Paige 401(k) Plan's assets included unremitted employee contributions and loan repayments. (Id. ¶ 13.) However, the Davis-Paige LLC and Mr.

6

Davis failed to segregate unremitted employee contributions and loan repayments from the Davis-Paige LLC's own general assets and failed to hold the unremitted employee contributions and loan repayments in trust as the Davis-Paige 401(k) Plan's assets. (Id. ¶¶ 13, 16.) The Davis-Paige LLC and Mr. Davis did deduct sums from participants' pay as employee contributions and loan repayments, but from January 7, 2013, to April 7, 2016, they failed to actually remit those sums to the Davis-Paige 401(k) Plan. (Id. ¶¶ 11, 20.) Some of the contributions that the Davis-Paige LLC and Mr. Davis did remit were remitted late and without interest. (Id. ¶ 11.) The Davis-Paige LLC and Mr. Davis also failed to remit mandatory employer prevailing wages from January 7, 2013, to April 7, 2016. (Id. ¶ 20.)

The Davis-Paige Health Plan was fully insured through CareFirst BlueCross Blue Shield ("CareFirst"). (Id. ¶ 10.) The Davis-Paige Health Plan permitted participants to have insurance premiums deducted from their pay. (Id.) The Davis-Paige Health Plan's assets included unremitted insurance premium payments. (Id. ¶ 14.) However, the Davis-Paige LLC and Mr. Davis failed to segregate unremitted insurance premium payments from the Davis-Paige LLC's own general assets and failed to hold the unremitted premium payments in trust as the Davis-Paige Health Plan's assets. (Id. ¶ 17.) The Davis-Paige LLC and Mr. Davis did deduct sums from participants' pay for insurance premiums in accordance

7

with the goals of the Davis-Paige Health Plan, but they failed
to actually remit all of those deducted sums to CareFirst. (Id.
¶¶ 10, 12.)

On January 13, 2017, CareFirst notified the Davis-Paige LLC
that it had not received full payments for coverage for January
2017, and that if CareFirst did not receive the payments, the
Davis-Paige Health Plan's coverage would be terminated. (Id. ¶
18.) As of January 31, 2017, the Davis-Paige LLC owed
approximately $100,934.82 to CareFirst in unremitted sums, which
resulted in CareFirst suspending the Davis-Paige Health Plan on
January 31, 2017. (Id. ¶¶ 10, 12, 18.) The Davis-Paige LLC and
Mr. Davis failed to give their employees advanced notice of the
cancellation of their benefit coverage or any notice that
coverage may be terminated due to the insurance premiums not
being timely paid. (Id. ¶¶ 18-19.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded
allegations of facts set forth in the plaintiff's complaint are
deemed admitted. JTH Tax, Inc. v. Grabert, 8 F. Supp. 3d 731,
736 (E.D. Va. 2014) (citing Ryan v. Homecomings Fin. Network,
253 F.3d 778, 780 (4th Cir. 2001)). Before entering default
judgment, however, the Court must evaluate the plaintiff's
complaint against the standards of Federal Rule of Civil
Procedure 12(b)(6) to ensure that the complaint properly states

8

a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate Plaintiff's claims of the Davis-Paige LLC's ERISA violations in its Complaint (Dkt. 1) against the standards of Federal Rule of Civil Procedure 12(b)(6).

Before evaluating each ERISA violation alleged by Plaintiff, the undersigned finds that Plaintiff has established certain general definitions under ERISA. First, the Davis-Paige Plans are "employee benefit plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are therefore covered by ERISA, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). (Am. Compl. ¶ 3.) Second, the Davis-Paige LLC and Mr. Davis are each a "fiduciary" of the Davis-Paige Plans within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). (Id. ¶¶ 6-7.) Third, the Davis-Paige LLC and Mr. Davis are each a "party in interest" within the meaning of Section 3(14) of ERISA, 29 U.S.C. § 1002(14). (Id.)

## A. Violations of Section 403 of ERISA

Plaintiff alleges that the Davis-Paige LLC violated Section 403 of ERISA, 29 U.S.C. § 1103. (Id. ¶ 23; Mem. Supp. Default J. at 7.) The undersigned agrees that the actions of the Davis-Paige LLC as alleged by Plaintiff amount to violations of Section 403 of ERISA.

Section 403(a) of ERISA requires that "all assets of an

9

employee benefit plan shall be held in trust by one or more trustees." 29 U.S.C. § 1103(a). Here, the Davis-Paige LLC failed to hold the assets of the Davis-Paige Plans in trust, such as the unremitted employee contributions and loan repayments for the Davis-Paige 401(k) Plan and the unremitted insurance premium payments for the Davis-Paige Health Plan. (Am. Compl. ¶¶ 13, 16-17.) Therefore, the Davis-Paige LLC violated Section 403(a) of ERISA.

Section 403(c)(1) of ERISA requires that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries." Id. § 1103(c)(1). Here, the Davis-Paige LLC did allow the assets of the Davis-Paige Plans to inure to their own benefit by withdrawing employee contributions and insurance premium payments and not remitting them to the Davis-Paige Plans. (Am. Compl. ¶¶ 11, 17, 20.) Therefore, the Davis-Paige LLC violated Section 403(c)(1) of ERISA.

### B. Violations of Section 404 of ERISA

Plaintiff alleges that the Davis-Paige LLC and Mr. Davis violated Section 404 of ERISA, 29 U.S.C. § 1104. (Am. Compl. ¶¶ 23-24; Mem. Supp. Default J. at 7-9.) Plaintiff also alleges that because Section 404 of ERISA involves fiduciary duties, the Davis-Paige LLC should be liable as a co-fiduciary for Mr.

10

Davis's breaches of fiduciary duties under Section 404. (Am. Compl. ¶ 27; Mem. Supp. Default J. at 8, 10.) The undersigned agrees that the actions of the Davis-Paige LLC and Mr. Davis as alleged by Plaintiff amount to violations of Section 404 of ERISA, and that the Davis-Paige LLC is liable for Mr. Davis's violations as a co-fiduciary.

Section 404 of ERISA addresses fiduciary duties. Section 404 of ERISA requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries" in various ways. 29 U.S.C. § 1104(a). Three requirements are relevant in this case. First, a fiduciary must act with the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan. Id. § 1104(a)(1)(A). Second, a fiduciary must follow a "prudent man standard of care" and act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." Id. § 1104(a)(1)(B). Third, a fiduciary must act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with [ERISA]." Id. § 1104(a)(1)(D).

Here, the Davis-Paige LLC and Mr. Davis failed to follow

11

the three aforementioned requirements. The Davis-Paige LLC and
Mr. Davis did not act exclusively for the benefit of the Davis-
Paige Plans' participants and beneficiaries, nor did the Davis-
Paige LLC and Mr. Davis act with a prudent manner of care, as
they failed to ensure proper payment to the Davis-Paige Plans,
which resulted in underfunded plans and the Davis-Paige Health
Plan ultimately being suspended. (Am. Compl. ¶ 10-12, 15, 18-
21.) The Davis-Paige LLC and Mr. Davis also did not act in
accordance with the documents governing the Davis-Paige Plans,
as they did not follow the proper remittal process as required
by the Davis-Paige Plans. (Id. ¶¶ 6, 9, 10-12, 20-21.)
Therefore, the Davis-Paige LLC and Mr. Davis violated Section
404 of ERISA.

     Plaintiff has established that the Davis-Paige LLC and Mr.
Davis are co-fiduciaries within the meaning of Section 405 of
ERISA, 29 U.S.C. § 1105, as they knowingly participated in each
other's actions that amounted to breaches of their fiduciary
duties. (Id. ¶¶ 26, 28.) Therefore, the Davis-Paige LLC is
liable as a co-fiduciary for Mr. Davis's actions that violated
the mandated fiduciary duties of Section 404 of ERISA.

### C. Violations of Section 406 of ERISA

     Plaintiff alleges that the Davis-Paige LLC violated Section
406 of ERISA, 29 U.S.C. § 1106. (Am. Compl. ¶ 23; Mem. Supp.
Default J. at 7-9.) The undersigned agrees that the actions of

the Davis-Paige LLC as alleged by Plaintiff amount to violations of Section 406 of ERISA.

Section 406 of ERISA requires that a fiduciary "shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect transfer to, or use by or for the benefit of a party in interest, of any assets of the plan." 29 U.S.C. § 1106(a)(1). Section 406 of ERISA also requires that a fiduciary shall not "deal with the assets of the plan in his own interest or for his own account" or "act in any transaction involving the plan on behalf of a party ... whose interests are adverse to the interests of the plan or the interest of its participants and beneficiaries." Id. § 1106(b).

Here, the Davis-Paige LLC engaged in transactions that it knew or should have known constituted transfers of the Davis-Paige Plans' assets to itself or Mr. Davis as parties in interest, dealt with the Davis-Paige Plans' assets for its own interests, and acted on behalf of a party whose interests were adverse to the Davis-Paige Plans, their participants, and their beneficiaries. Specifically, the Davis-Paige LLC withdrew employee contributions and insurance premium payments and did not remit them to the Davis-Paige Plans, essentially transferring those assets to itself and Mr. Davis. (Am. Compl. ¶¶ 11, 17, 20.) Therefore, the Davis-Paige LLC violated Section

13

406 of ERISA.

## IV. <u>REQUESTED RELIEF</u>

Plaintiff seeks four types of injunctive relief against Defendant: the removal of the Davis-Paige LLC as a fiduciary of both of the Davis-Paige Plans coupled with replacing the Davis-Paige LLC with an independent fiduciary, the restoration of losses to both of the Davis-Paige Plans, an order requiring the Davis-Paige LLC to cooperate with the independent fiduciary, and an order barring the Davis-Paige LLC from committing any future violations of ERISA. (Mem. Supp. Default J. at 10-13; Prop. Order at 2-3.) Plaintiff also seeks to recover the attorney's fees and costs for pursuing this action. (Am. Compl. at 12; Mem. Supp. Default J. at 13.) The undersigned considers each of Plaintiff's requests for relief in turn.

### A. Removal and Replacement as a Fiduciary

Plaintiff requests that the Davis-Paige LLC be removed as a fiduciary of both of the Davis-Paige Plans. (Am. Compl. at 11; Mem. Supp. Default J. at 10; Prop. Order at 3.)[4] ERISA specifically provides that a fiduciary that has breached its fiduciary duties may be removed as a fiduciary. 29 U.S.C. §

---

4. While Plaintiff requests the removal of the Davis-Paige LLC as a fiduciary from only the Davis-Paige 401(k) Plan in the body of its Motion for Default Judgment, Plaintiff does also request that "the Court enter the attached Proposed Order." (Mem. Supp. Default J. at 13.) The Proposed Order does specifically state that Plaintiff seeks the Davis-Paige LLC to be removed as a fiduciary to the Davis-Paige Health Plan, as well. (Prop. Order at 3.) Therefore, the undersigned considers Plaintiff to request the removal of the Davis-Paige LLC as a fiduciary of both of the Davis-Paige Plans, not just the Davis-Paige 401(k) Plan.

1109(a). In accordance with ERISA, and in light of the Davis-Paige LLC's breaches of its fiduciary duties, the undersigned determines that the removal of the Davis-Paige LLC as a fiduciary from both of the Davis-Paige Plans is an appropriate remedy in this case.

Relatedly, Plaintiff further requests that the Davis-Paige LLC be replaced in its role as a fiduciary for both of the Davis-Paige Plans by an independent fiduciary. (Am. Compl. at 11; Mem. Supp. Default J. at 11; Prop. Order at 2.) Plaintiff asserts that it solicited bids from potential independent fiduciaries and believes Metro Benefits, Inc. ("Metro Benefits"), would be best suited to serve as an independent fiduciary in this case. (Mem. Supp. Default J. at 11) In support of this replacement, Plaintiff has submitted Metro Benefits' Plan Fee and Service Schedule (Dkt. 36-1).

While ERISA does not specifically address the replacement of a fiduciary with an independent fiduciary, ERISA does provide the Court broad discretion in determining relief for violations of ERISA, as "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a). In accordance with the broad discretion granted by ERISA, and in light of the Davis-Paige

15

LLC's violations of ERISA and breaches of its fiduciary duties, the undersigned determines that replacing the Davis-Paige LLC with Metro Benefits as a fiduciary for both of the Davis-Paige Plans, as requested by Plaintiff, is appropriate relief in this case.

### B. Restoration of Losses to the Plans

Plaintiff requests that the Davis-Paige LLC restore all losses that the Davis-Paige Plans and their participants have incurred as a result of the Davis-Paige LLC's ERISA violations. (Am. Compl. at 10-11; Mem. Supp. Default J. at 10; Prop. Order at 2.) Plaintiff specifically alleges that $325,359.43 is due, which consists of 291,529.66 owed to the Davis-Paige 401(k) Plan and $26,185.97 owed to the Davis-Paige Health Plan. (Mem. Supp. Default J. at 12; Prop. Order at 2.) Prejudgment interest calculated in accordance with Section 6621(a)(2) of the Internal Revenue Code ("IRC") is included in the amount owed to the Davis-Paige 401(k) Plan. (Mem. Supp. Default J. at 12 n.2; Morton Decl. ¶ 2(j).) These amounts to be due to the Davis-Paige Plans are identical to the amounts that Court has determined that Mr. Davis is liable to the Davis-Paige Plans for in accordance with its Consent Judgment (Dkt. 42).

ERISA specifically provides that a fiduciary that breaches its duties under ERISA "shall be personally liable to make good to such plan any losses to the plan resulting from each such

16

breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." 29 U.S.C. § 1109(a). With regards to prejudgment interest, this Court has previously determined that following the interest calculation of IRC § 6621(a)(2) is reasonable as applied to similar ERISA cases. See Acosta v. Lopez, No. 1:17-cv-330 (LMB/IDD), 2017 WL 6541463, at *4 n.3 (E.D. Va. Dec. 21, 2017). Therefore, in accordance with ERISA, and in light of the Davis-Paige LLC's breaches of its fiduciary duties, the undersigned determines that requiring the Davis-Paige LLC to restore Plaintiff's requested amounts to the Davis-Paige Plans is appropriate relief in this case. However, due to the Davis-Paige LLC's co-fiduciary liability with Mr. Davis, the Davis-Paige LLC's should be jointly and severally liable with Mr. Davis for restoring such amounts to the Davis-Paige Plans.[5]

## C. Cooperation with Independent Fiduciary

Plaintiff requests that the Court order the Davis-Paige LLC and all persons acting under its authority to cooperate with the independent fiduciary and complete a full accounting of the Davis-Paige Plans. (Am. Compl. at 11; Mem. Supp. Default J. at 12; Prop. Order at 2-3.) While ERISA does not specifically

---

5. While Plaintiff does not specifically request that the Davis-Paige LLC be jointly and severally liable with Mr. Davis in its default judgment briefings, Plaintiff did state in its Amended Complaint (Dkt. 19) that the Davis-Paige LLC and Mr. Davis were to be jointly and severally liable for restoring funds to the Davis-Paige Plans. (Am. Compl. at 10.)

address such cooperation or accountings, as previously stated, ERISA does provide the Court broad discretion in determining equitable and remedial relief for violations of ERISA. 29 U.S.C. § 1109(a). Therefore, in accordance with the broad discretion granted by ERISA, and in light of the Davis-Paige LLC's violations of ERISA and breaches of its fiduciary duties, the undersigned determines that the cooperation and accounting as requested by Plaintiff is appropriate relief in this case.

### D. **Permanent Injunction Against Future ERISA Violations**

Plaintiff requests that the Court grant a permanent injunction directing the Davis-Paige LLC to never again violate ERISA. (Am. Compl. at 11-12; Mem. Supp. Default J. at 12-13; Prop. Order at 3.) Plaintiff's request specifically calls for the Davis-Paige LLC to be permanently enjoined from serving as a trustee, fiduciary, advisor, or administrator to any employee benefit plan. (Am. Compl. at 11; Mem. Supp. Default J. at 12-13; Prop. Order at 3.) As previously stated, ERISA provides the Court broad discretion in determining equitable and remedial relief for violations of ERISA. 29 U.S.C. § 1109(a). To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

18

warranted; and
(4) that the public interest would not be disserved by
a permanent injunction.

Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543

(4th Cir. 2007) (citing eBay Inc. v. MercExchange, L.L.C., 547

U.S. 388, 391 (2006)). In light of the Fourth Circuit's

requirements, and upon considering the fact that Plaintiff has

acted on behalf of the Davis-Paige Plans' participants and

beneficiaries, the undersigned determines that a permanent

injunction as requested by Plaintiff is appropriate, as it would

be the only way to ensure that the Davis-Paige LLC does not

again become a fiduciary and commit such egregious violations of

ERISA.

### E. Attorney's Fees and Costs

Plaintiff lastly requests that it be awarded attorney's

fees and costs associated with pursuing this action. (Am. Compl.

at 12; Compl. at 12; Mem. Supp. Default J. at 13.) When a

plaintiff is awarded judgment to collect unpaid sums under

ERISA, the plaintiff is entitled to collect reasonable

attorney's fees and costs of the action. 29 U.S.C.

§ 1132(g)(2)(D). However, even when a defendant fails to appear,

"the Court is nevertheless obligated to review the [attorney's]

fee award request independently for reasonableness." Kennedy v.

A Touch of Patience Shared Hous., Inc., 779 F. Supp. 2d 516, 525

(E.D. Va. 2011). Despite this requirement, Plaintiff has not

19

otherwise addressed its request for attorney's fees and costs in its briefings or submitted an affidavit or declaration detailing its costs. Therefore, the undersigned has no means to independently review Plaintiff's request, and so any award for attorney's fees or costs would be inappropriate.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be GRANTED IN PART. Default judgment should be entered against the Davis-Paige LLC in favor of Plaintiff. Specifically, the undersigned recommends that the Court formally enter an order equivalent to the Proposed Order (Dkts. 34-1 & 36) provided by Plaintiff.[6]

Should the Court adopt the undersigned's recommendation of default judgment for the Davis-Paige LLC, the undersigned further recommends that the remaining defendants in this case, the Davis-Paige 401(k) Plan and the Davis-Paige Health Plan, be DISMISSED. Plaintiff purports that the Davis-Paige Plans have only been joined to this lawsuit under Federal Rule of Civil Procedure 19 to guarantee that complete relief could be granted insofar as the relief involved the Davis-Paige Plans themselves.

---

6. Despite Plaintiff requesting attorney's fees and costs in both the Amended Complaint and the Memorandum of Law in Support of Plaintiff's Motion to Enter Default Judgment, Plaintiff did not include any language regarding attorney's fees or costs in the Proposed Order. Therefore, entering the Proposed Order as provided would be appropriately in line with the undersigned's recommendation.

(Mem. Supp. Default J. at 1 n.1; Clar. Mot. Default J. at 2.) Plaintiff has not moved for default judgment against the Davis-Paige Plans, nor does Plaintiff seek any remuneration from the Davis-Paige Plans. (Clar. Mot. Default J. at 2.) Therefore, upon granting Plaintiff's requested relief, the undersigned finds dismissal of the Davis-Paige Plans from this lawsuit to be appropriate, thereby concluding this case in its entirety.

VI. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to Davis-Paige Management Systems, LLC, at the addresses on record:

    Davis-Paige Management Systems, LLC
    7611 Little River Turnpike
    Suite 500, East Wing
    Annandale, Virginia  22003

    Davis-Paige Management Systems 401(k) Plan
    7611 Little River Turnpike
    Suite 500, East Wing
    Annandale, Virginia  22003

    Davis-Paige Management Systems Employee Benefit Plan
    7611 Little River Turnpike
    Suite 500, East Wing
    Annandale, Virginia  22003

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 13th, 2018
Alexandria, Virginia

22